IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LASHAWN JONES** *et al*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. RDB-16-3056 |
| v. | * | |
| **CONCERTED CARE GROUP** *et al*, | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiffs Lashawn Jones and Latoya Godette (collectively "Plaintiffs" or "Relators") bring this False Claims Act action against Defendants Concerted Care Group ("CCG"), Noah Nordheimer, Alvin Nicholes, and Barbara Wahl. (ECF No. 1.) Presently pending before the Court is Defendant CCG's Motion for Leave to File Counterclaims and for Sanctions (ECF No. 69). The Court has reviewed the related filings (ECF Nos. 71, 73) and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant CCG's Motion for Leave to File Counterclaims and for Sanctions (ECF No. 69) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED with respect to the filing of counterclaims and DENIED with respect to sanctions.

### BACKGROUND

Plaintiff Jones was employed by CCG at its Baltimore, Maryland, location from July 8, 2015, until October 23, 2015. (ECF No. 1 at 5.) Plaintiff Godette was also employed at CCG's Baltimore, Maryland, location from March 16, 2015, until November 3, 2015. *Id.* at 6. Plaintiffs filed suit on September 2, 2016, alleging that Defendant CCG defrauded the federal government and State of Maryland through unlawful Medicaid submissions, billing practices,

and record-keeping. *Id.* On December 15, 2020, the United States and the State of Maryland declined to intervene. (ECF No. 28.) This Court subsequently unsealed the Complaint and directed Plaintiffs/Relators to serve the contents of the case file upon Defendants within ninety (90) days of March 19, 2021. (ECF No. 30.)

At some point since March 19, 2021, Plaintiff Godette disclosed in the course of discovery that she had retained her CCG laptop after termination from the company in 2015. (ECF No. 69.) Plaintiff Godette informed Defendant CCG in her answers to interrogatories that she attempted to return her laptop to CCG on at least three occasions without success. (ECF No. 71 at 7.) Godette stated that she ultimately gave her lawyers her CCG laptop, and her lawyers imaged the data and files on the laptop. *Id.* Based on this conduct, Defendant CCG seeks to file counterclaims in twelve counts: three counts of breach of contract, one count of computer fraud, two counts of conversion, one count of breach of fiduciary duty, one count of violation of the Defend Trade Secrets Act, one count of violation of the Maryland Misappropriation of Trade Secrets Act, two counts of tortious interference with contract, and one count of civil conspiracy. (ECF No. 69.) In addition to these counterclaims, Defendant seeks sanctions against the Plaintiffs and their counsel under Federal Rules of Civil Procedure 11 and 37, and under 28 U.S.C. § 1927. Set forth more fully below, Defendant CCG will be permitted to assert counterclaims, but this Court declines to impose sanctions.

## ANALYSIS

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs do not consent to Defendant's assertion of counterclaims, but similar

counterclaims have been asserted in *qui tam* cases before this Court. *See Glynn v. EDO Corp.*, No. JFM-07-01660, 2010 WL 3294347, at *2 (D. Md. Aug. 20, 2010) (Defendant's "claims would eventually include breach of contract, misappropriation of trade secrets, breach of fiduciary duty, conversion, defamation, tortious interference, violation of New Hampshire's consumer protection statute, unjust enrichment, and civil conspiracy.") Defendant appropriately notes that it "brings claims seeking independent damages that would exist regardless of its potential liability on the *qui tam* action." (ECF No. 73 at 6.) Additionally, this Court finds no issue with the timeliness of Defendant's proposed counterclaims because the claims are based on recently disclosed evidence. Thus, "justice so requires" this Court to grant Defendant CCG leave to amend and permit assertion of counterclaims.

Sanctions, on the other hand, are not appropriate. Defendant argues sanctions under Federal Rules of Civil Procedure 11 and 37, and under 28 U.S.C. § 1927. Under Rule 11, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Under Rule 37, "[i]f a party fails to provide information … the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court may" order payment of reasonable expenses caused by the failure, and "may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). Under 28 U.S.C. § 1927, a court may require an attorney to pay fees when that attorney unreasonably and "vexatiously" multiplies the proceedings.

Despite citing to Federal Rules of Civil Procedure 11 and 37, and 28 U.S.C. § 1927, Defendant principally relies on the Court's "inherent authority to impose sanctions" as set forth in *Glynn*, 2010 WL 3294347, at *1. In that case, Judge Motz of this Court stated that under "its inherent powers, a district court may sanction a party for wrongfully obtaining the property or confidential information of an opposing party." 2010 WL 3294347, at *3. In *Glynn*, after the plaintiff was terminated, his former co-worker provided him with internal documents and emails from Glynn's former employer. *Id.* at *2. Glynn then sent those documents to his lawyers to bolster his case. *Id.* Judge Motz imposed a $20,000 fine as sanctions for Glynn's improper receipt of internal information, and the lawyers' subsequent "bad faith" assertion to a common interest privilege over those documents. *Id.* at *3. In determining which sanction to impose, Judge Motz reasoned that "review of a handful of district court opinions outside the Fourth Circuit suggests that even where a party steals property or information, dismissal or default judgment is only warranted in extreme circumstances." *Id.* The Court also emphasized that it "should not impose a sanction that deprives [Plaintiff] of his right to have this dispute resolved on the merits unless absolutely necessary." *Id.* at *8.

The facts here are demonstrably different from those in *Glynn*. Here, Plaintiff Godette had her laptop at the time of her termination – she did not seek information from her co-Plaintiff after she left the company. (ECF No. 71 at 7.) Plaintiff attempted to return her laptop on three occasions; each of her attempts was left unanswered. *Id.* Accordingly, Plaintiff reasonably turned over her laptop to her lawyers, and her lawyers imaged the contents to preserve evidence "to uphold the requirements set forth by § 3730(b)(2) of the False Claims Act and Federal Rule37(e)." (ECF No. 71 at 8.) There appears no "improper receipt" of

4

internal documents nor any bad faith assertion of a privilege as in *Glynn*. There is otherwise no indication of bad faith and this Court does not assume this is a scenario in which "a whistleblower [] st[ole] their employer's laptop." (ECF No. 73 at 2.) As Plaintiff aptly notes, without more, Defendant CCG effectively "ask[s] the Court to assume facts" in support of sanctions. (ECF No. 71 at 7.) This Court will not assume facts and therefore will not impose sanctions.

## CONCLUSION

For the reasons stated above, IT IS this 20th day of October 2022, hereby ORDERED that Defendant CCG's Motion for Leave to File Counterclaims and for Sanctions (ECF No. 69) is GRANTED IN PART and DENIED IN PART. Defendant CCG is permitted to assert counterclaims, but the Court will not impose sanctions against Plaintiffs or their counsel.

Dated: October 20, 2022  _____/s/_____
Richard D. Bennett
United States District Judge